PITTSFIELD & FLORENCE PLANK ROAD COMPANY, Appellants,
v. GEORGE HARRISON, Appellee.

### APPEAL FROM PIKE.

A law which declares that stockholders in an incorporated company may be competent witnesses for or against the company, is not unconstitutional.

The intention of the "act in relation to the evidence of the proceedings of corporations," approved February 12, 1853, was to place certified copies on the same footing with the originals; but not to make such books, records, etc., evidence, as were not so before the passage of the law.

THIS cause was heard before WALKER, Judge, at March term, 1854, of Pike Circuit Court.

On the trial of the cause in the circuit court, after Harrison had closed his case, the Plank Road Company offered Daniel D. Hicks as a witness, who admitted on his *voire dire* that he was a stockholder and director in the company. The court thereupon excluded his testimony, although the act in question was presented to the court.

C. P. Chapman, the treasurer of the company, was called, who produced his books to show the amount of money paid by the corporation, which testimony was also excluded. Verdict and judgment for Harrison in the court below.

GRIMSHAW and HAY, for Appellant.

WILLIAMS and LAWRENCE, for Appellee.

CATON, J. The first section of an act, approved on the 28th of February, 1854, provides "That stockholders in the Pittsfield and Florence Plank Road Company, in this State, shall be competent witnesses for or against said company in all suits of law or equity in which said company shall be a party." Under this statute a stockholder in the road was offered as a witness for the corporation, whose testimony the court excluded on the ground of interest, to which an exception was taken, and which is now assigned for error.

It is admitted that if the legislature had authority to pass the act referred to, the court improperly excluded the testimony. We think the law was not unconstitutional. It is objected that the law is special, designed to affect only this particular corporation, and that it deprives the plaintiff below of important legal rights, which were secured to him by the general law of the State at the time his claim against the corporation accrued. It is true, that this was special legislation, but it does not necessarily follow that it was therefore unconstitutional. The granting of a charter creating a corporation

6

is special legislation, and in such charters special privileges are always granted to the corporators; and had this provision been inserted in the original charter creating the corporation, its constitutionality would hardly have been objected to. Extraordinary rights, as well as extraordinary remedies and peculiar liabilities, are frequently, and indeed almost always, provided for in acts of incorporation. It is difficult to show why the legislature had less authority to prescribe this rule of evidence in a subsequent law than they would have had in the original charter. The one would affect the rights of others as much as the other. Nor does this law deprive the plaintiff below of any legal right which he previously possessed. A legal right is a deduction or conclusion of law arising from a given state of facts. If the legislature attempts to change the nature of the right thus arising from a given state of facts, it then transcends its power, and the law is void. But it is within the undoubted power of the legislature to change the rules of evidence by which those facts are to be ascertained and established. They may not, indeed, deprive the party of all means of establishing the facts upon which his rights depend, but it has ever been considered a part of the legislative functions of every State to determine what shall be competent evidence in its courts of justice. It is admitted that this power might be so exercised as to deprive parties of all means of proving their rights. When we meet with such a law, it will be time enough to declare it void. This law is of a contrary character. Instead of limiting the means of proof, it actually extends them. It makes witnesses competent who at common law were not allowed to testify, and thus affords another mode for ascertaining facts. Nor is the rule of evidence thus prescribed for the benefit of the corporation alone, for shareholders may as well be called to testify against the company as for it. It is certainly no objection to the constitutionality of the law that it makes interested parties competent witnesses. Such a rule of evidence has been adopted, and is now in force in many of the States, and the objection has never been heard that such laws were void for the want of power in their legislatures to pass them. Without enlarging unnecessarily upon the subject, we cannot doubt that the legislature had the right to declare parties interested in the company to be competent witnesses in suits in which the corporation was a party. It is for the legislature and not the courts to determine upon the wisdom or policy of such laws. If they pass them without transcending their power, it is our simple duty to enforce them. We think the court erred in excluding the testimony of the witness Hicks.

We think the court properly excluded the treasurer's books to prove payments made to the plaintiffs below. That was offered under an act passed on the 12th February, 1853, which provides " That copies of all papers, books, or proceedings, or parts thereof, appertaining to the transaction of any rail road company, banking association, or other corporation, certified to be true copies by the clerk, secretary, cashier or other keeper of the same, under the seal of such company, bank or corporation, or under the private seal of such clerk, secretary, cashier or other keeper of the same, if there be no seal in such company, bank or corporation, the said clerk, secretary, cashier or keeper, also certifying that he is interested in the safe keeping of the original, of which he gives certified copies, with an affidavit of the truth of such certificate, taken before some officer authorized to administer oaths, being annexed thereto, shall be received as *prima facie* evidence of the facts so certified in all the courts of this State, in any suit or proceeding pending before them." The object of that law was not to make such books and records, or copies thereof, evidence, when such books and records were not evidence before, but simply to make certified copies evidence, when, by the law as it before stood, the originals would have been evidence had they been introduced. The intention of that law was to place certified copies on the same footing with the originals.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*